**Reed HODGES and Angelia Hodges a/k/a Angela Hodges, Appellants–Defendants,**

v.

**·Timothy SWAFFORD, Appellee–Plaintiff.**

**No. 55A01–0604–CV–166.**

Court of Appeals of Indiana.

July 3, 2007.

Vincent S. Taylor, Bloomington, IN, Attorney for Appellants.

Steven Sharpe, Marcy Wenzler, Indiana Legal Services, Bloomington, IN, Attorneys for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

Reed Hodges and Angelia Hodges, a/k/a Angela Hodges (collectively, "the Hodgeses") petition this Court for rehearing on our recently-published opinion, *Hodges v. Swafford,* 863 N.E.2d 881 (Ind.Ct.App. 2007). In that case, the Hodgeses appealed the trial court's order finding them liable under the Truth in Lending Act ("TILA") and awarding damages to Timothy Swafford in the amount of $21,150.00. More specifically, we affirmed the trial court's determination that TILA applied to the transaction in this case because the Hodgeses were "creditors" and because the loan they made to Swafford was a "high cost loan." See 15 U.S.C. §§ 1602(f), -(aa)(1)(B). As for damages, we reversed the trial court's award and remanded with instructions to calculate damages pursuant to TILA's damages provisions. We now grant the Hodgeses' petition for rehearing for the limited purpose of correcting our damages calculation.

In our original opinion, we stated in relevant part as follows:

As a result of the rescission, the lender retroactively loses the right to charge fees on the loan. 12 C.F.R. § 226.23(d)(1). Therefore, in order to determine the amount of tender, one takes the amount of value the borrower actually received for his direct benefit and subtracts the total payments made by the borrower on the loan. In this case, Swafford received the direct benefit of $39,514.17, as of February 2006, he had made fifty-four payments of $498.56, totaling $26,922.24. The remaining balance of $12,591.93, less the statutory damages of $4,000.00, leaves a tender

amount of $8,591.93, owed by Swafford to the Hodgeses.

.... [W]e remand with instructions to the trial court to order Swafford to execute a promissory note and mortgage in favor of the Hodgeses for the amount of $8,591.93, or, if necessary, a lesser amount to reflect any payments made by Swafford after February 2006.

*Id.* at 20–21.

The Hodgeses, in their petition for rehearing, point out that each of Swafford's monthly payments included an amount to cover the costs of insurance and real estate taxes on the property at issue. Upon reconsideration, we agree with the Hodgeses that these portions of the monthly payments—because they benefited Swafford and not the Hodgeses—should not be included in the total "finance charge" forfeited by the Hodgeses through the rescission process. *See* 12 C.F.R. 226.23(d)(1) ("When a consumer rescinds a transaction, ... the consumer shall not be liable for any amount, including any finance charge.").

We therefore amend our original instructions to the trial court. We now remand and instruct the trial court to hold a hearing to determine the total amount that Swafford has paid to the Hodgeses over the course of the loan, less the total amount designated for real estate taxes and insurance. The trial court should then subtract that figure, as well as the statutory damages of $4,000.00, from $39,514.17[1]—the value Swafford actually received for his direct benefit. The remaining balance is the tender amount owed by Swafford to the Hodgeses. As before, we instruct the trial court to order Swafford to execute a promissory note and mortgage in favor of the Hodgeses for the amount due.

1. This figure is the total of $31,817.50 (outstanding mortgages paid by Hodgeses) plus $4,000.00 (amount paid to Swafford at closing) plus $3,696.67 (costs of transaction paid by Hodgeses).

In sum, the damages calculation should look like this:

| $39,514.17 | Value Received by Swafford |
|---|---|
| — [To Be Determined By Trial Court] | Swafford's Total Payments, Less Taxes and Insurance |
| — 4,000.00 | Statutory Damages |
| [To Be Determined By Trial Court] | Amount Due from Swafford to Hodgeses |

The Hodgeses' petition for rehearing is granted. We affirm our original opinion in all respects, except as amended above.

BAKER, C. J., and VAIDIK, J., concur.